UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANK P. LOVE,  )  <br> ) <br> Plaintiff,  ) <br> ) <br> v.  ) <br> ) <br> DEPARTMENT OF THE ARMY, et al.,  ) <br> ) <br> Defendants.  ) | CIVIL ACTION <br> NO 22-10432-NMG-JGD |

### ORDER
March 8, 2023

DEIN, U.S.M.J.

On March 22, 2022, Frank P. Love, proceeding *pro se*, filed an employment discrimination complaint. Dkt. No. 1. Plaintiff paid the $402.00 filing fee and summons issued for service of the Department of the Army; Steve Hood; Elfrem Z. Slaughter; and the Honorable Christine E. Wormuth, Secretary of the Army. Dkt. Nos. 3 - 4. Since the filing of this action, plaintiff's two motions for counsel were denied without prejudice to renewal after the defendants are served and responsive pleadings have been filed. Dkt. Nos. 12, 17. Plaintiff was granted three extensions of time to effect service. Dkt. Nos. 10, 20, 23.

Now before the Court is plaintiff's third motion for counsel. Dkt. No. 27. The one-page motion references enclosures, but no exhibits were entered on the docket with the motion. Id. at ¶ 1 The motion states that plaintiff secured a county sheriff as process server for service on defendants Hood and Slaughter. Id. However, the summonses were returned as unexecuted because plaintiff does not have a current address for either of the defendants. Id. The motion states, in part, that plaintiff is unaware of "what needs to be submitted to achieve [service]." Id.

at ¶ 3, Plaintiff seeks to have the Court appoint counsel in order "to continue forward with the process of this Case." Id. at ¶ 4. The motion was not filed by *pro se* plaintiff Frank P. Love, but was filed by "Aline Love (proxy for Frank P. Love – through Advanced directive previously submitted)." Id.

Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. Desrosiers v. Moran, 949 F.2d 15, 23 (1st Cir.1991). Here, Plaintiff has not provided sufficient reasons why the Court should exercise its discretion to appoint counsel in this case. See id. (noting that a plaintiff must demonstrate that he is indigent and that exceptional circumstances warrant the appointment of counsel) Here, the Court is unable to determine from the motion whether plaintiff is financially eligible for appointment of counsel under Section 1915(e)(1). More importantly, assisting a non-incarcerated litigant to locate and serve a defendant is not the type of exceptional circumstance warranting appointment of counsel.

Here, the motion fails to state what efforts, if any, plaintiff has made to obtain a current address for either defendant. Plaintiff received, over the span of nine months, not just the 90 days provided n Rule 4(m) for service, but two extensions to effect service.[1] A plaintiff such as Frank P. Love, who is not indigent, bears the responsibility for effecting service of process. See e.g. Barmes v. Nolan, No. 04-3808, 123 F. App'x 238, 249 (7th Cir. 2005).

---

[1] Court orders are obligations not suggestions, Robinson v. Orellana-Rosado, No. 20-1550, 2021 WL 5570333, at *1 (D.P.R. May 11, 2021), and *pro se* litigants are not excused from complying with the Federal Rules of Civil Procedure or the Local Rules of this district. F.D.I.C. v. Anchor Props., 13 F.3d 27, 31 (1st Cir.1994); see e.g. Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000) (stating that *pro se* litigants are not exempt from procedural rules); Ahmed v. Rosenblatt, 118 F.3d 886 (1st Cir. 1997) (noting that *pro se* status does not insulate a party from complying with procedural and substantive law).

The Court will grant a final extension of time for service of defendants Hood and Slaughter, failure of which will subject this action to dismissal without prejudice based on the failure to serve the defendants pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and the Court's Orders.  Plaintiff may wish to try to locate current addresses for defendants Hood and Slaughter by reviewing phone directories, conducting internet searches and/or contacting a legal services organization or local bar association referral service to inquire about whether legal assistance can be provided to him.[2]

Finally, plaintiff is advised that Rule 11 of the Federal Rules of Civil Procedure clearly provides "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); see also District of Massachusetts Local Rule 5.1 (a)(1) ("The provisions of Fed. R. Civ. P. 10 and 11 concerning the form and signing of pleadings, motions, and other papers shall be applicable to all papers filed in any proceeding in this court."); District of Massachusetts Local Rule 83.5.5 (d) ("A *pro se* party is required to comply with these local rules.").  Here, the motion was not filed by Frank P. Love, but by Aline Love, who is identified as "proxy" for Frank P. Love.  Even if Aline Love has a signed advanced directive giving her authority to act on behalf of Frank P. Love, a non-attorney, such as Aline Love, cannot litigate on behalf of Frank P. Love.  An individual may appear in federal court, either "*pro se* or through legal counsel." Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982); see also Hootstein v. Amherst-Pelham Reg'l Sch. Comm., 361 F. Supp. 3d 94, 101 (D. Mass. 2019); 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own

---

[2] The contact information for such legal organizations are as follows: (1) The Massachusetts Bar Association's Lawyer Referral Service, (617) 654-0400 or (866) 627-7577; (2) the legal resource finder on the website: MassLegalServices.org.

cases personally or by counsel as, by the rules of such court, respectively, are permitted to manage and conduct causes therein."); Local Rule 83.5.5(b) of the Local Rules of the U.S. Dist. Ct. for the Dist. of Mass. (2015) ("An individual appearing *pro se* may not represent any other party and may not authorize any other individual who is not a member of the bar of this district to appear on his or her behalf.").

Based upon the foregoing, the motion to appoint counsel (Dkt. No. 27) is DENIED WITHOUT PREJUDICE. Plaintiff shall complete service of the summons and complaint on defendants and submit proofs of service no later than 60 days from the date of this order. Failure to submit proofs of service timely may result in the dismissal of this action without further notice.

SO ORDERED.

 /Judith Gail Dein
Judith Gail Dein
U.S. Magistrate Judge